Bartley, C. J.
The objections made to the correction of the alteration in the bill of exceptions, on behalf of the defendants, appear to be the following:
1st. That two of the judges know nothing about the facts.
2d. That they have no authority over the clerk in the .premises, and can make no order that he is bound to obey.
3d. That they are judges of the court of common pleas, and only as such, authorized to hold a district court.
4th. That the alternative writ was directed to them as judges of the district court, and not to the district court.
Every court of record has a supervisory and protecting charge over its records, and the papers belonging to its files; and may at any time direct the correction of clerical errors, or the substitution of papers in case the originals are purloined or lost; and, in the exercise of the same authority* in case the records or files should be fraudulently or otherwise improperly altered or defaced, may direct their correction and restoration to their original condition. And in making such corrections, the clerk is under the control and authority of the court.
Two of the judges, it is said, have no knowledge of the facts touching the alleged alteration of the bill of exceptions. This is no legal excuse for not doing the act directed, when they have the unquestionable authority to direct the relators and other parties interested, to produce their proofs in relation to the matter. The personal knowledge of the judge is not essential to the correction of a clerical error. He may inquire into the matter and inform himself by competent evidence, and act upon that, as he acts upon proof given in court in the performance of other judicial acts.
It is objected that the defendants are judges of the court of common pleas, and only as such, authorized to *204 hold a district court. It matters uot in what fonn of expression the judicial power is conferred. The defendants are, by the constitution and laws of the state, constituted judges of the district court, and as such, clothed with full authority to hold the district court and exercise its jurisdiction and authority. And their authority to exercise chamber powers in vacation, touching causes pending in the district court, by allowing and dissolving injunctions, and performing other acts as judges of the district court, cannot be controverted. And the fact that they are judges of the common pleas does not, under the constitution and laws of this state, render them incompetent to act as judges of the district court.
There is nothing in the objection, that the writ is directed to them as the judges of the district court instead of the district court. The writ was properly directed. They are the judges of that court, and as such, clothed by the constitution and laws of the state, with power to hold that court and exercise its authority.
A writ of mandamus to a subordinate judicial tribunal is properly directed to the judge or judges of the court, and especially where there may be other judges authorized to hold or participate in holding the court. In case of disobedience to the mandate of the supervisory court, the authority to compel obedience is exercised over the judges personally having the power to exercise the functions of the court.
. Peremptory mandamus awarded.
Brinkerhorr and Scott, JJ., concurred.